NEW YORK TELEPHONE CO. v. DE NOYELLES BRICK CO. et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. EMINENT DOMAIN (§ 119*)—USE OF HIGHWAY FOR TELEPHONE AND TELEGRAPH LINES—COMPENSATION TO OWNER—NECESSITY.

An owner of a fee of a highway is entitled to compensation for the use of the highway for a telephone or telegraph line.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 304–314; Dec. Dig. § 119.*]

2. EMINENT DOMAIN (§ 232*)—AWARD OF COMPENSATION—COMMISSIONERS—VIEW.

It is the duty of the commissioners in condemnation proceedings to view the premises, in addition to hearing the parties and their witnesses, to determine the amount of the compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 590, 591; Dec. Dig. § 232.*]

3. EMINENT DOMAIN (§ 262*)—AWARD OF COMPENSATION—EXCESSIVE COMPENSATION.

It is not customary for the court, on appeal from an order confirming the report of commissioners in condemnation proceedings, to interfere with the award on the ground that it is excessive, unless an erroneous theory has prevailed in arriving at the value of the premises and the damages sustained by the portion not taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

4. EMINENT DOMAIN (§ 202*)—COMPENSATION—EVIDENCE—ADMISSIBILITY.

An owner, whose land is sought to be taken under condemnation proceedings, has a right to show the highest utility of the premises, and to point out the adaptability thereof for village lots and the possibilities of the improvement thereof, to show, with the opportunities for improvement, the present market value.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

5. EMINENT DOMAIN (§ 262*)—COMPENSATION—EXCESSIVE COMPENSATION.

Where the commissioners in condemnation proceedings viewed the premises, and did not entertain any erroneous theories as to the amount of the compensation, and there was nothing to indicate that the amount awarded was increased by speculative testimony, the award, affirmed by the trial court, would not be disturbed on appeal, merely because of the admission of speculative testimony.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

Thomas and Carr, JJ., dissenting.

Appeal from Special Term, Rockland County.

Proceedings by the New York Telephone Company against the De Noyelles Brick Company and others to condemn land for a right of way. From an order confirming the report of the commissioners, petitioner appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Alexander Cameron, of New York City, for appellant.

William McCauley, of Haverstraw, for respondents.

WOODWARD, J. This proceeding was instituted under the Condemnation Law for the purpose of acquiring a right of way for the plaintiff's telephone line over the lands of the respondent the De Noyelles Brick Company in the village and town of Haverstraw. The right of way as originally laid out called for a strip of land 16½ feet in width extending in a southerly direction from the northerly line of the respondent's land to the northerly line of land of Felix McCabe, a distance of something over 3,000 feet. About 10 feet of this proposed strip is within the highway, and about 6½ feet is within the defendant's inclosure, as are also five rectangular pieces of land of small dimensions to be used for anchorage purposes. There is likewise a strip of the same width extending in a southerly direction from the southerly line of the McCabe premises to the southerly line of the respondent's land, a distance of about 1,250 feet, and of this strip about 6½ feet is within the highway, and 10 feet outside of the same and upon the defendant's inclosure.

[1] It is conceded that the fee of the highway is in the defendant, the public having merely an easement for highway purposes, and since the case of Eels v. A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640, there has been no question of the necessity of compensating the owner of the fee of the highway as a condition of making use of the same for the purposes of a telephone or telegraph line. The plaintiff is already maintaining a line of poles over a considerable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of this property, though it is claimed by the respondent that this is merely as a licensee, and it is now proposed to erect 40 poles, about 5 feet higher than those in use at the present time, and to equip these poles with cross-arms, which are to carry not to exceed 50 wires, with 2 cables, with the necessary anchorages, braces, etc., to constitute what is known as a "trunk line." The easement requires the right to enter upon this strip at all times for the purposes of construction, reconstruction, and repairs. Some slight changes in the location of the highway have been made, so that the original description has been somewhat modified; but this has no bearing upon any question presented here, for we are merely considering the question of damages awarded, and which have been confirmed by the court at Special Term.

[2] The commissioners, as is their duty, have viewed the premises, and have had the parties and their witnesses before them, and the question now before us is whether the damages which they have awarded are so far excessive, under the evidence, as to call upon this court to interfere. The premises in question lie along the Hudson river. The highway is about 50 feet above the river level, and between the river and the highway the defendant maintains and operates an extensive brickyard, extending practically along the full front of the premises involved in this proceeding. To the west of the highway, at a distance of 200 to 400 feet approximately, is a line of railroad, and this railroad is at an elevation of about 50 feet above the highway, the intervening property being rough and uneven, with large holes or depressions, excavated in an effort to find further clay for the use of the brickyards. The plaintiff's proposed telephone line runs along the westerly side of this highway, and takes a portion of the defendant's frontage outside of the highway for the use of the plaintiff. The premises appear to be at the outskirts of the village of Haverstraw, and from the photographs in evidence it would seem that there was little to appeal to the æsthetic sensibilities of proposed purchasers, and yet we have all witnessed some of the wonderful transformations of recent years, and it is difficult to determine from photographs, without much other testimony relating to distances from New York and other matters entering into values of real estate, whether error has been committed in passing upon the damages to result from the construction of a heavy service telephone line in front of this property.

[3] The commissioners have awarded $2,500, and to this has been added the costs and an additional allowance of 5 per cent. by the order of the court from which this appeal is taken, so that it appears that the plaintiff is called upon to pay over $2,500 for a right of way of less than one mile. This looks like a large sum for the damages which the defendants will sustain, and yet in a condemnation proceeding, where the owner is entitled to that "just compensation" which the Constitution demands, it is not customary for this court to interfere, unless it appears that an erroneous theory has prevailed in arriving at the value of the premises and the damages to be sustained by the portion not taken.

[4] The point most seriously urged against the award is that the

witnesses for the defendant were permitted to give evidence of the fact that the defendant had some time previously laid out the premises between the highway and the railroad into lots, and that these lots had a certain value per lot, somewhat contingent upon the statement of some of the officers of the defendant company that it was intended to create an artificial lake in the places where the excavations above noted had been made. It is true, of course, that evidence has been held incompetent where it has been sought to show what property might realize in rentals with important improvements made thereon; but this case does not seem to come within the condemnation of that rule. Here the defendants had a right to show the highest utility of the premises—had the right to point out its adaptability for village lots and the possibilities of its improvement, not for the purpose of showing the value of the lots with the improvement made, but to show with the opportunities for improvement the present market value.

[5] Assuming that, strictly speaking, the evidence was open to objection, in that it introduced some element of speculation, still the award does not show any considerable evidence of having been affected by the testimony of the experts. The lowest estimate of any of the experts fixes the damages at approximately $3,000, and the others range very much higher, while the award is only $2,500. Assuming, then, that the experts took into consideration the proposed lake—and their testimony merely goes to the length of showing that they had the possibilities of such a lake, as bearing upon the value, in mind—it could hardly have influenced their judgment to the extent of $500 or more in the matter of damages, and this much approximately has been deducted by the commissioners from the estimate of the lowest of the experts in making their award. The commissioners, viewing the property and charged with the duty of awarding just compensation, are not shown to have entertained any erroneous theories in reference to the matter. There is nothing to indicate that the amount of the award has in any manner been increased by the so-called speculative testimony, and we discover no reason why the order appealed from should not be affirmed.

The order appealed from should be affirmed, with costs.

JENKS, P. J., and RICH, J., concur. THOMAS and CARR, JJ., dissent, on the ground that the award is excessive, and also upon the ground that the evidence of the experts is based upon assumptions of fact not proven.